**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| TERESA PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:17-cv-300 |
| | ) | |
| REGIONAL ACCEPTANCE CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, TERESA PARKER ("Plaintiff"), through her attorney, HORMOZDI LAW FIRM, LLC, alleges the following against Defendant, REGIONAL ACCEPTANCE CORP. ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. §227, et seq. ("TCPA").
2. Count II of Plaintiff's Complaint is based on the North Carolina Debt Collection Practices Act, § 75-50, *et seq*. ("NCDCPA").

**JURISDICTION AND VENUE**

3. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.
4. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).
5. Defendant conducts business in Youngsville, Franklin County, North Carolina.

6. Venue and personal jurisdiction in this District are proper because Defendant transacts business in this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in Youngsville, Franklin County, North Carolina.
8. Defendant is a collection agency headquartered in Greenville, North Carolina.

## FACTUAL ALLEGATIONS

9. Within four (4) years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone number ending in 7978 to collect on Plaintiff's alleged debt.
10. All of the telephone calls Defendant made to Plaintiff were an attempt to collect on Plaintiff's alleged debt.
11. None of the calls Defendant made to Plaintiff were for an emergency purpose.
12. Within four (4) years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone from the following telephone numbers: 1-877-722-7299.
13. The following telephone numbers are Defendant's phone numbers: 1-877-722-7299.
14. On or about March 13, 2016, Plaintiff answered one of Defendant's collection calls and spoke with one of Defendant's female collectors.
15. During the aforementioned conversation, Plaintiff informed Defendant that she was not the debtor, that Defendant was calling the wrong number, and requested Defendant stop calling her on her cellular telephone.
16. On one occasion, Plaintiff also placed in inbound call to Defendant and requested Defendant stop calling her.
17. Despite Plaintiff's dispute and request, Defendant continued to place collection calls to

Plaintiff on her cellular telephone in an attempt to collect the debt.

18. On more than one occasion, Plaintiff has answered Defendant's collection calls and experienced a few second delay before a pre-recorded message began playing.

19. On more than one occasion, Defendant has left pre-recorded messages on Plaintiff's cellular telephone.

20. The aforementioned pre-recorded messages state:

> "The following is a pre-recorded message. This message is from Regional Acceptance Corporation calling with important information. Please contact our office toll-free at 877-722-7299 at your earliest convenience. Again our number is toll-free 877-722-7299. Regional Acceptance is located at 1424 East Fire Tower Road, Greenville, North Carolina, 27858. Thank you for your attention to this matter."

21. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

22. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

23. During at least one conversation, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

24. Plaintiff never gave consent to Defendant to call her cellular telephone number.

25. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

26. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

27. Within 4 years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone in predictive mode.

28. Within 4 years of Plaintiff filing this Complaint, Defendant left pre-recorded voicemail

messages for Plaintiff on Plaintiff's cellular telephone.

29. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

30. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

31. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

32. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

33. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

34. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

35. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

36. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

37. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

    a. Invading Plaintiff's privacy;
    b. Electronically intruding upon Plaintiff's seclusion;

c. Intrusion into Plaintiff's use and enjoyment of her cellular telephone;

d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of her cellular telephone;

e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

**COUNT I**
**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

38. Defendant's conduct therefore violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, TERESA PARKER, respectfully requests judgment be entered against Defendant, REGIONAL ACCEPTANCE CORP., for the following:

39. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

40. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

41. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

42. Any other relief that this Honorable Court deems appropriate.

**COUNT II:**
**DEFENDANT VIOLATED THE**
**NORTH CAROLINA DEBT COLLECTION PRACTICES ACT**

43. Plaintiff repeats and re-alleges paragraphs 1-37 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

44. Defendant violated the North Carolina Debt Collection Practices Act based on the following:

    a. Defendant violated § 75-51 of the North Carolina General Statutes when it attempted to collect a debt alleged to be due and owing by an attempt to coerce payment of the alleged debt when Defendant continued to place collection calls to Plaintiff after Plaintiff requested Defendant stop calling her, and after Plaintiff told Defendant that she was not the debtor;

    b. Defendant violated § 75-52 of the North Carolina General Statutes when it used conduct the natural consequence of which is to oppress, harass, or abuse any person in connection with the attempt to collect the alleged debt when Defendant continued to place collection calls to Plaintiff after Plaintiff requested Defendant stop calling her, and after Plaintiff told Defendant that she was not the debtor;

    c. Defendant violated § 75-52(3) of the North Carolina General Statutes when it caused a telephone to ring or engaged a person in a telephone conversation with such frequency as to be unreasonable or constitute harassment to the person under the circumstances because Defendant continued to call Plaintiff multiple times even after Plaintiff told Defendant to stop doing so, and after Plaintiff told Defendant that she was not the debtor; and

    a. Defendant violated § 75-55 of the North Carolina General Statutes by attempting

to collect any debt by use of unconscionable means when Defendant engaged in each of the foregoing violations.

45. Defendant's actions constituted an unfair act by engaging in the above-referenced misconduct in or affecting commerce because Defendant is collecting on a consumer debt and proximately caused Plaintiff's injuries.

WHEREFORE, Plaintiff, TEERESA PARKER, respectfully requests judgment be entered against Defendant, REGIONAL ACCEPTANCE CORPORATION, for the following:

46. Actual damages and civil penalties of not less than $500.00 nor greater than $4,000.00 per violation pursuant to North Carolina General Statute § 75-56(b);
47. Punitive damages pursuant to North Carolina General Statute § 75-56(c);
48. Costs and reasonable attorneys' fees; and
49. Any other relief that this Honorable Court deems appropriate

June 19, 2017

By: /s/ Shireen Hormozdi
Shireen Hormozdi
Hormozdi Law Firm, LLC
NorthCarolina Bar No. 47432
1770 Indian Trail Road, Suite 175
Norcross, GA 30093
Tel: 678–395-7795
Cell: 678-960-9030
Fax: 866-929-2434
shireen@agrusslawfirm.com
shireen@norcrosslawfirm.com